799 So.2d 884 (2001)
Willie MASON a/k/a Willie B. Mason, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KM-01416-COA.
Court of Appeals of Mississippi.
November 6, 2001.
Stacey Alan Spriggs, Oxford, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
THOMAS, J., for the Court:
¶ 1. Willie Mason was convicted of DUI and sentenced for DUI second offense to serve six months in the DeSoto County jail and a one thousand dollars fine. Mason appeals, asserting the following issues:
I. DID THE TRIAL COURT ERR IN FINDING MASON GUILTY OF DUI MULTIPLE OFFENSE IN THE ABSENCE OF PROSECUTION EVER OFFERING INTO EVIDENCE OR PUTTING ON PROOF OF PRIOR CONVICTIONS?

*885 II. DID THE TRIAL COURT ERR IN SENTENCING THE DEFENDANT AS GUILTY OF DUI SECOND OFFENSE?
¶ 2. Finding error, we affirm in part, reverse in part, and remand with instructions for sentencing of misdemeanor DUI first offense.

FACTS
¶ 3. Willie Mason was formally indicted in the Circuit Court of DeSoto County for felony DUI. On May 10, 2000, at a bench trial, the trial court found Mason "guilty of DUI." On May 12, 2000, at the sentencing hearing the trial court sentenced Mason as a DUI second offender to a term of six months in jail and payment of a $1,000 fine.

ANALYSIS

STANDARD OF REVIEW
¶ 4. The standard of review for a judgment entered following a bench trial is well settled. "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. City of Jackson v. Perry, 764 So.2d 373, 376 (Miss. 2000) (citing Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993); Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd., 613 So.2d 864, 872 (Miss.1993); Allied Steel Corp. v. Cooper, 607 So.2d 113, 119 (Miss.1992)). In a bench trial, the trial judge is "the jury" for all purposes of resolving issues of fact. Evans v. State, 547 So.2d 38, 40 (Miss.1989).

DISCUSSION
¶ 5. We will address both of Mason's issues together as these issues are intertwined. On appeal Mason argues that the trial court erred in sentencing him as a second offender of driving under the influence due to the fact that prior convictions were never formally entered into evidence during the course of the trial.
¶ 6. The record in this case shows that Mason was properly found guilty of the charge of DUI. During the sentencing hearing, with no objection from the defense as to the bifurcated nature of the proceedings, Mason's counsel made some objection to alleged defects in the documents offered by the State. The State's attorney acknowledged that there was a mix-up in the documents and asked for a two-day continuance to get the documents straightened out. Mason's counsel objected to the continuance. The continuance was granted and the sentencing hearing resumed two days later. At this time the State once again tried to offer two court abstracts to show prior convictions; however, at this point the trial court did not allow these offered abstracts into evidence, noting that the abstracts were different from those provided in discovery. In addition, the trial court noted that these abstracts were not certified. A review of the record here shows that there are no other abstracts or any evidence of prior convictions properly before the trial court.
¶ 7. Further, the record in the case at bar fails to clearly reflect any evidentiary basis that prior convictions were ever formally put into evidence. Therefore, there is nothing in the record to support sentencing Mason as a DUI second time offender. We hold that the trial court's judgment should be reversed as to its finding Mason guilty of a DUI second offense and that this case should be remanded with instructions for sentencing as a first offender misdemeanor DUI.
¶ 8. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION OF DUI IS AFFIRMED. *886 THE SENTENCE AS A SECOND TIME OFFENDER IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. MYERS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.