BARNES, J.,
for the Court.
¶ 1. David Shun Deloach was found guilty of driving under the influence, first offense, in the Oktibbeha County Circuit Court. Deloach appeals, arguing that the trial judge erred in failing to sustain his motion for a directed verdict and that the trial court erred in sustaining a conviction for “common law” driving under the influence [1] when the affidavit failed to charge the same. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. David Deloach was pulled over by Officer Maurice Johnson of the Starkville Police Department for careless driving on April 6, 2002. Johnson had observed De-loach as he drove approximately a quarter of a mile, during which time Deloach crossed the fog line numerous times. Johnson detected the smell of alcohol when he approached the vehicle. After Deloach surrendered his license, Johnson asked him to exit the vehicle. Officer Johnson then informed Deloach he suspected that Deloach had been drinking and asked De-loach to perform some field sobriety tests. Johnson also noted that Deloach had glassy eyes at the time of the stop.
¶ 3. Officer Johnson first performed the horizontal gaze nystagmus test (hereinafter “HGN” test). He testified that De-loach exhibited all six “clues” for this test and fully failed the HGN test. Before performing the other two tests, Deloach informed Officer Johnson that Deloach had bad knees. Johnson then had Deloach perform the “walk and turn test,” during which Johnson observed Deloach’s ability to balance, follow instructions, walk heel-toe and turn properly. Johnson testified that Deloach gave an “improper turn” while performing this test. Deloach then performed a test requiring him to balance on one leg. After several counts, Deloach stopped and informed Johnson that he could not continue because of his bad knee. At this point, Johnson informed Deloach that he was under arrest for driving under the influence. Deloach was then transported to the Oktibbeha County Jail.
¶ 4. At the jail, Deloach submitted to an Intoxilyzer breath test. Deloach’s first test resulted in a printout that read “check ambient conditions.” Less than a minute later, Deloach took a second test and registered a blood alcohol content of .110 percent. At this time, Deloach was charged with driving under the influence of alcohol. Officer Johnson subsequently filled out the uniform traffic ticket, marking “box (c)” which charged Deloach with driving under the influence based on a blood alcohol content of .10 percent or more. Johnson testified that, after the Intoxilyzer test, De-loach told him “that he had been drinking earlier, heavily earlier that day.” Further, Johnson testified that Deloach had admitted to drinking two beers and smoking a marijuana joint prior to the stop. Deloach was charged with driving under the influence, first offense.
¶ 5. Due to concerns about the reliability of the Intoxilyzer test at trial, the trial judge suppressed the test results. The judge’s concern resulted from the “check ambient conditions” reading which had occurred immediately prior to the second *1016 test. Although the results of the Intoxi-lyzer test were not admitted, the trial judge found Deloach guilty of common law driving under the influence. The conviction was based on Officer Johnson’s testimony, the field tests Deloach performed and Deloach’s statement to the police.
¶ 6. Seeking relief from this Court, De-loach argues that it was improper for the circuit court to convict him for common law driving under the influence when he was charged with driving under the influence based on his blood alcohol content.
WHETHER THE TRIAL COURT ERRED IN CONVICTING DELOACH OF COMMON LAW DRIVING UNDER THE INFLUENCE WHEN THE ONLY CHARGE ON THE TICKET WAS DRIVING UNDER THE INFLUENCE.
¶ 7. Deloach raises two issues in his brief. The two issues address the same principle and, therefore, will be discussed as one issue in this opinion. Deloach’s only contention is that it was improper for the trial judge to convict him of common law driving under the influence when that box was not checked on his traffic citation.
¶ 8. The uniform traffic tickets for driving under the influence issued by police in this State contain the following language:
That the aforesaid person did, in violation of § 63-11-30(1) Mississippi Code of 1972, willfully and unlawfully drive or otherwise operate a motor vehicle within this state:
□ (a) Under the influence of intoxicating liquor; or
□ (b) under the influence of any other substance which impaired such person’s ability to operate a motor vehicle; or
□ (c) Having an alcohol concentration of ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law.... [2]
¶ 9. After Deloach registered a blood alcohol level of .110 percent, Officer Johnson checked only box (c). Box (a) is readily known as common law driving under the influence and does not require the Intoxilyzer results for conviction. See Leuer v. City of Flowood, 744 So.2d 266, 268 (¶ 8) (Miss.1999) (citing Young v. City of Brookhaven, 693 So.2d 1355, 1363 (Miss.1997)) (Sullivan, P.J., concurring in part, dissenting in part) (quoting DUI Traffic Citation, Op. Att’y Gen. (Jan. 6, 1987)). Deloach was convicted of driving under the influence pursuant to box (a) on the ticket.
¶ 10. Deloach contends that the State did not establish a prima facie case for common law driving under the influence. Deloach also contends that it was error for the trial judge to find him guilty of common law driving under the influence when the City of Starkville never moved to amend the charge from that of box (c) to that of box (a). Deloach concedes that there are numerous methods of proving DUI in Mississippi, but he argues that it was error to convict him for common law DUI when box (a) was not marked on the ticket.
¶ 11. Deloach’s first contention lacks merit. As noted in the facts, there was substantial testimony which established a prima facie case for common law DUI. Officer Johnson testified that De-loach crossed the fog lines numerous times while driving. Officer Johnson also testified that he smelled alcohol in the car and on Deloach’s person and that Deloach’s eyes were glassy. Officer Johnson further testified that Deloach displayed all six *1017 clues on the HGN test. While it is true that “the State cannot use the results of the HGN test merely as an indicator to show that the defendant was ‘under the influence of intoxicating liquor’ to prove the requisite elements of Miss.Code Ann. § 63 — 11—30(l)(a),” the HGN test “can still be used to prove probable cause to arrest and administer the [I]ntoxilyzer or blood test.” Young, 698 So.2d at 1355. Regardless of the HGN test, Deloach admitted to Officer Johnson that prior to his arrest he had drunk two beers and had smoked a marijuana joint.
¶ 12. The Mississippi Supreme Court reviewed a similar scenario in Leuer. Wherein the defendant not only had glassy eyes, but also drove erratically, smelled of alcohol and admitted to having consumed alcohol earlier in the evening. Leuer, 744 So.2d at 267 (¶ 2). The supreme court opined that “[cjommon understanding and practice recognize that [the defendant’s] behavior here is most consistent with being ‘under the influence’ of intoxicating liquors, and thus clearly supports his conviction for DUI.” Id. at (¶ 12). Based on Officer Johnson’s testimony about De-loach’s appearance and behavior, as well as Deloach’s statement to the police, this Court finds that the State met its prima facie case for common law driving under the influence. This argument is without merit.
¶ 13. Deloach also argues that the failure to amend the charge precluded the City of Starkville from pursuing a conviction under common law DUI. In Young, the State prosecuted Young under both section (a) and section (c). Young, 693 So.2d at 1357. The supreme court held that section 63-11-30 of the Mississippi Code merely sets forth numerous methods of committing the same crime. Id. at 1357-58. The court further held that it was not improper for the State to prosecute under either or both of sections (a) and (c). Id. Although in the case sub judice the State initially sought a conviction only under section (c) — whereas in Young the State initially pursued the DUI conviction under both sections (a) and (c) — we find the distinction to be without merit.
¶ 14. Even a cursory review of the uniform traffic ticket issued to Deloach reveals that Deloach was charged with driving under the influence. Indeed, the ticket heading reads, “Uniform Traffic Ticket Driving Under the Influence.” While section (a) provides the method for prosecuting the charge of common law DUI, and section (c) provides the method for prosecuting DUI “per se,” Mississippi law provides that the sections charge the same crime. Thus, by receiving the charging instrument, Deloach was clearly put on notice that he was being charged with the offense of driving under the influence, regardless of the State’s decision to pursue the charge under section (a) or section (c).
¶ 15. This Court finds case law from Georgia to be persuasive on this point. The State of Georgia uses a ticket similar to that used in Mississippi; the officer checks a space on the ticket in order to indicate the driving under the influence violation with which the defendant is charged. The Georgia Court of Appeals has held “[t]hat [the defendant] was not charged with violating a specific subsection of OCGA § 40-6-391 does not render the citation vague; the citation put [the defendant] on notice that he could be convicted under subsection (a)(1) or (a)(5).” Fluellen v. State, 264 Ga.App. 19, 589 S.E.2d 847, 849 (2003).
¶ 16. This Court has previously held that the absence of evidence from a successfully administered Intoxilyzer test does not prevent proof of intoxication. Saucier v. City of Poplarville, 858 So.2d *1018 933, 936 (¶ 17) (Miss.Ct.App.2003). We upheld a DUI conviction in Saucier based on an officer’s testimony regarding the defendant’s slurred speech and glazed eyes, the smell of alcohol and the results of field sobriety tests other than the HGN. Id. at (¶¶ 16-17). As in Saucier, we find that in the present case there was ample evidence to support the common law driving under the influence conviction. We also find the argument to be without merit that the State failed to mark both box (a) and (c) since the charge of DUI is the same regardless of the State’s method of proving it. Therefore, we affirm the judgment of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF MISDEMEANOR DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND ORDER TO PAY FINE OF $475.50 AND TO ATTEND A MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.

. Although the offense for which Deloach was convicted is often referred to as "common law” DUI, this is a misnomer. The offense is actually defined by statute. See Miss.Code Ann. § 63 — 11—30(l)(a) (“It is unlawful for any person to drive or otherwise operate a vehicle within this state who ... is under the influence of intoxicating liquor.”)

. This ticket was issued before the statute was amended in 2002 which substituted "eight one-hundredths percent (.08%)” for "ten one-hundredths percent (>.10%).”