RUSSELL, J.,
for the Court:
¶ 1. Carl Keith Blackston and Joshua M. Stapleton appeal arguing the trial court erred by: (1) rendering a verdict in favor of George County and dismissing the case with prejudice; (2) disregarding the overwhelming weight of the evidence indicating the County placed dirt in the road while installing a private drive, which caused the accident; and (3) holding that even if George County placed the dirt pile in the public road and Blackston ran into the dirt pile due to oncoming traffic, the open-and-obvious exemption of the Mississippi Tort Claims Act (MTCA) provided George County with immunity from the suit. Upon review, we find no error and affirm.
¶ 2. On cross-appeal, George County asserts that the trial court erred by denying its motion to dismiss and/or for summary judgment based upon the statute of limitations, claiming the denial letter sent by its liability insurer qualifies as a “notice of denial of claim” letter under the MTCA. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. At approximately 9:00 p.m., on February 28, 2006, Blackston drove his pickup truck westbound on Mt. Pleasant Road in George County, Mississippi. Stapleton was a passenger in Blackston’s truck.
¶4. The George County Road Department had installed culverts on several driveways on Mt. Pleasant Road. According to Blackston, a vehicle approached him in the opposite direction, and he did not have room to pass. Therefore, he moved his truck to the right side of his lane. At that time, Blackston’s truck hit a mound of dirt in the roadway, which caused Black-ston to lose control of his vehicle. The mound of dirt was situated in front of a private driveway owned by Ralph Ayers. Stapleton has no memory of the accident.
¶ 5. Blackston’s brother, Jerome Blackstone, was traveling just behind Blackston at the time of the accident. Jerome recalled seeing the truck hit the drive, go left, then back, and start flipping.
¶ 6. On February 21, 2007, Blackston and Stapleton filed a notice of tort claim to the president of the George County Board of Supervisors and the George County Chancery Clerk. On April 30, 2007, Zurich North America Insurance Company, George County’s liability carrier, sent Blackston and Stapleton a letter denying their claim.
¶ 7. On August 30, 2007, Blackston and Stapleton filed a complaint against George County under the MTCA alleging negligence. On February 21, 2008, George County filed a motion to dismiss and/or for summary judgment, asserting that the complaint filed by Blackston and Stapleton was untimely. On May 29, 2008, the circuit court denied George County’s motion, finding that the denial letter was ineffective because it was sent by Zurich rather than George County.
¶ 8. On September 1, 2009, George County filed a motion for summary judgment based on its alleged lack of notice of a dangerous condition, an absence of causation, and the open-and-obvious immunity provision under the MTCA. The circuit court denied their motion for summary judgment.
¶ 9. The bench trial began on October 19, 2009. Several witnesses testified during the trial. Joel Hyatt, a George County Sheriffs Deputy who investigated the scene, testified that black skid marks and *1185 debris were found on the road where Blackston’s car had flipped over. However, Hyatt went on to testify that there was no driveway, culvert, or dirt in the road anywhere near the beginning of the skid marks.
¶ 10. Ayers, the driveway owner, testified that George County did in fact leave dirt in the road. Marisa Christian, another resident on Mt. Pleasant Road, also testified that George County left dirt in the road. She further testified that she went to the scene of the accident immediately after it happened, and Blackston’s truck was approximately fifteen feet from the driveway.
¶ 11. Stanley Anderson, the foreman and manager of the George County Road Department, testified that he remembered installing the culvert on Mt. Pleasant Road, but that his crew did not leave any dirt in the road after installation. According to Anderson, any dirt in the roadway may have been there due to weather conditions.
¶ 12. On January 14, 2010, the circuit court rendered a verdict in favor of George County and dismissed the case with prejudice. The circuit court found that there was conflicting evidence as to whether the dirt in the roadway was the cause of the accident, and also that George County was immune from suit under the MTCA because of the open-and-obvious exemption.
¶ 13. On February 8, 2010, Blackston and Stapleton filed a motion for reconsideration and a new trial. On July 29, 2010, the circuit court denied their motion.
¶ 14. On August 4, 2010, Blackston and Stapleton appealed. The circuit court found that Blackston and Stapleton had failed to prove by a preponderance of the evidence that George County caused the accident and resulting injuries. The circuit court further found that even if George County caused the accident, the open-and-obvious exemption of the MTCA provided George County with immunity from the suit. On August 14, 2010, George County cross-appealed.
DISCUSSION
¶ 15. “A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Mason v. State, 799 So.2d 884, 885 (¶ 4) (Miss.2001). Thus, this Court will not disturb the circuit court’s findings “unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” City of Jackson v. Perry, 764 So.2d 373, 376 (¶ 9) (Miss.2000). However, the Court reviews conclusions of law, including the proper application of the MTCA, de novo. City of Jackson v. Presley, 40 So.3d 520, 522 (¶ 9) (Miss.2010).
¶ 16. We will first address the combined issues raised by Blackston and Stapleton. Blackston and Stapleton argue that George County left the dirt in the roadway, and but for the dirt left in the roadway, neither the accident nor the injuries would have occurred. In addition, they also argue that George County was not immune from liability.
¶ 17. The record supports the circuit court’s finding that Blackston and Staple-ton failed to prove by a preponderance of the evidence that the mound of dirt was the cause of the accident and their resulting injuries. Furthermore, the circuit court properly found that even if the dirt mound was the cause of the accident, the MTCA’s open-and-obvious exemption provides George County with immunity from suit.
¶ 18. Several witnesses testified during the trial. Blackston testified that he hit *1186 the mound of dirt and lost control of the vehicle. Stapleton had no memory of the accident. Officer Hyatt, the investigating officer, testified that Blaekston’s car flipped over, and he found black skid marks and debris on the road. However, he did not observe a driveway, culvert, or dirt in the road anywhere near the beginning of the skid marks. Ayers and Christian testified that George County did in fact leave dirt in the road. Christian went on to testify that she found Blackston’s truck approximately fifteen feet from the driveway immediately after the accident occurred. Finally, Anderson, the manager of the George County Road Department, testified that he remembered installing the culvert on Mt. Pleasant Road, but his crew did not leave any dirt in the road after installation, and that any dirt in the roadway may have been there due to weather conditions.
¶ 19. Several exhibits were introduced during trial. Perhaps the most relevant were those presented that depicted Ayer’s driveway, as well as the culvert and dirt. The circuit court noted, however, that the pictures were taken two to three months after the accident.
¶ 20. In addition to noting the date of the pictures, the circuit court also looked at the testimony of Marisa Christian and explained:
It defies logic that a truck traveling forty miles per hour can strike a mound of dirt, swerve left, th[e]n right, then flip and land only fifteen feet from the mound of dirt it stuck. Based on the evidence as presented[,] the court cannot say that this mound of dirt was the cause of this accident by a preponderance of the evidence. If the mound of dirt was not the cause of the accident, then George County cannot be liable.
¶ 21. The MTCA provides immunity to George County for
[Damages] [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
Lee v. Miss. Dep’t of Transp., 37 So.3d 73, 78-79 (¶ 12) (Miss.Ct.App.2009) (citing Howard v. City of Biloxi, 943 So.2d 751, 754 (¶ 5) (Miss.Ct.App.2006); Miss.Code Ann. § ll~46-9(l)(v) (Rev.2004)). Under this statute, the circuit court found that even if the dirt was placed in the road by George County and caused the accident, George County would be immune from liability because the mound of dirt was open and obvious.
¶ 22. We agree that the open-and-obvious nature of the danger relieved George County from the responsibility to warn of the danger. The circuit court correctly applied an objective standard, which concerns an ordinary driver exercising ordinary care. In this case, Blackston testified that he had seen and was aware of the culverts and dirt used by George County prior to the accident. In addition, other neighbors testified that they were aware of the condition of the road. While Blackston argues that it was dark outside on the night of the accident, he testified that he drove down Mt. Pleasant Road daily and was aware of the work conducted by George County prior to the night of the accident. For this reason, the danger was open and obvious to him. As a result of the open-and-obvious na *1187 ture of the danger, George County had no duty to warn.
¶ 23. In a bench trial, the trial judge is “the jury’ for all purposes of resolving issues of fact. His findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Mason, 799 So.2d at 885 (¶ 4). Here, the circuit court’s findings were sufficiently supported. The circuit court considered all witnesses and exhibits presented by the parties. Based on the evidence presented, the circuit judge, sitting as the factfinder, could conclude by a preponderance of the evidence that Blackston and Stapleton failed to prove that the dirt actually caused the accident. Furthermore, even if the dirt did cause the accident, the circuit court correctly concluded that the open-and-obvious exemption provides George County immunity from suit. We find no error.
¶ 24. On cross-appeal, George County argues that the circuit court erred when it denied its motion to dismiss and/or for summary judgment based upon the statute of limitations because the denial letter sent by Zurich, George County’s insurer, qualified as a notice of denial of claim under the MTCA. Specifically, George County bases its appeal on the contention that Blackston and Stapleton filed their complaint during the 120-day tolling period found in Mississippi Code Annotated section 11-46-11(3) (Rev.2002). Blackston and Stapleton contend that George County had no authority to delegate the statutory duty of providing a denial of claim letter to their insurer, Zurich. Thus, they contend the denial of claim was not properly issued by George County; the 120-day tolling period was not stopped; and the complaint was filed in a timely manner.
¶ 25. This cross-appeal centers around the interpretation of section 11-46-11(3) in conjunction with Mississippi Code Annotated section 11-46-11(1) (Rev.2002). Statutory interpretation is reviewed de novo since it involves a question of law. Page v. Univ. of S. Miss., 878 So.2d 1003, 1004-05 (¶ 4) (Miss.2004).
¶ 26. This Court reviews summary judgment de novo. Davis v. Hoss, 869 So.2d 397, 401 (¶10) (Miss.2004). Summary judgment must be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The evidence is viewed in the light most favorable to the party opposing the motion. Davis, 869 So.2d at 401 (¶ 10). “If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor.” Id. The moving party bears the burden of demonstrating there is no genuine issue of material fact. Id.
¶ 27. George County is a governmental entity and, therefore, is protected by the MTCA. Section 11-46-11 governs issues concerning the statute of limitations and notice requirements for suits filed against a governmental entity or its employees. Section 11 — 46—11(1) provides in relevant part:
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim *1188 with the chief executive officer of the governmental entity.
(Emphasis added). This subsection must be read in conjunction with section 11-46-11(3), which states:
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant’s receipt of notice of denial of claim from the governmental entity.
(Emphasis added).
¶ 28. George County argues that when addressing the effect a denial has on the tolling of the statute of limitations, “once the claim is denied, the tolling period ends immediately, and the additional 90 days is added to the remaining time left in the original one year period not used at the time notice was received.” Page, 878 So.2d at 1007 (¶ 12). George County specifically argues that since the accident occurred on February 28, 2006, Blackston and Stapleton had until February 28, 2007, to file their notice of claim. Blackston and Stapleton filed their notice of claim on February 21, 2007; therefore, they had seven days remaining on their original one-year MTCA limitations period. Black-ston and Stapleton received a denial of claim letter from Zurich, George County’s insurer, on May 4, 2007. Therefore, the tolling period ended, and the filing period began on May 4, 2007, giving them until August 9, 2007, to file their complaint. George County concluded that Blackston and Stapleton untimely filed their complaint on August 30, 2007, because it was 118 days after they received notice of the denial of their claim.
¶ 29. The circuit court found that resolution of this issue turned on whether George County’s denial of Blackston and Stapleton’s claim through its insurer Zurich was proper service under the MTCA. “All notices of denial of claim shall be served by governmental entities upon claimants by certified mail, return receipt requested, only.” Miss.Code Ann. § 11-46-11(3) (emphasis added). In this case, the governmental entity was George County and not Zurich. It is uncontested that George County failed to serve notice of the denial of claim on Blackston and Stapleton.
¶ 30. According to the statute, the one-year statute of limitations begins to run on the date the cause of action occurs. The statute is then tolled for 120 days, from the day notice is received by the agency. However, should the agency deny the claim, the tolling period ends immediately. George County argues that it properly denied the claim when Zurich, its insurer, mailed Blackston and Stapleton the claim denial letter and the tolling period ended. *1189 However, this form of service was improper notice under the MTCA. The circuit court found the language of the statute to be clear and unambiguous and found that Zurich’s denial of claim letter served on Blackston and Stapleton was ineffective for notice purposes under the MTCA. We agree.
¶ 31. The actionable conduct occurred on February 28, 2006. Notice of the claim was sent on February 21, 2007, 358 days after the action occurred. The statute of limitations should have tolled 120 days from February 21, 2007; therefore, the tolling period would have ended on June 20, 2007. After the tolling period ended, Blackston and Stapleton had seven days left in the original one-year statute (365 minus 358), or until June 27, 2007, plus the additional ninety days, to file suit. Thus, the deadline for filing was September 25, 2007. Blackston and Stapleton filed on August 30, 2007, which was clearly within the time allotted by statute.
¶ 32. Recently in Delta Regional Medical Center v. Green, 43 So.3d 1099, 1103-04 (¶ 17) (Miss.2010), our supreme court held:
It is well established that once the claimant has met the notice requirements of Section 11-46-11(1), the claimant may file suit. The problem, however, lies within Section 11-46-11(3). As written, the phrase in Subsection (3) sits in direct conflict with the ninety-day-notice requirement found in Section 11-46-11(1). Today we clarify Subsection (3) and hold the phrase “during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim” to be unenforceable. From this day forward, Section 11-46-11(3) serves only to toll the statute of limitations. To hold otherwise would work an illogical burden on the claimant.
Blackston and Stapleton sent their notice of claim to the president of the George County Board of Supervisors and the George County Chancery Clerk on February 21, 2007. George County does not dispute receipt of the notice of claim. On May 4, 2007, George County improperly served notice of denial of claim on Black-ston and Stapleton. Therefore, the August 30, 2007, complaint was filed well within the time allotted by the statute, as the tolling period did not end on February 21, 2007. We find no error in the circuit court’s resolution of this issue.
CONCLUSION
¶ 33. For the foregoing reason, we affirm the judgment of the Circuit Court of George County, Mississippi.
¶ 34. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS/CROSS-APPELLEES AND THE APPELLEE/CROSS-APPEL-LANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.