LEE, C.J.,
for the Court:
¶ 1. Wilson Krueger III was found guilty in the Scott County Circuit Court of driving under the influence, first offense. Krueger appeals, arguing that the circuit court erred in failing to sustain his motion for a directed verdict, as well as rendering a verdict not supported by the evidence. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 26, 2012, Officer Ron Phillips, along with other officers, set up a safety checkpoint in Coal Bluff Park in Scott County, Mississippi, to check for *888 driver’s licenses, seat belts, and drunk driving. Krueger and his wife drove through the checkpoint around 9:20 p.m. after being on the lake at the park since 2:00 p.m. When Officer Phillips approached Krueger’s car to ask for his driver’s license, Krueger’s speech was slurred, and Officer Phillips asked Krueger to exit the car. Officer Phillips then smelled alcohol on Krueger’s breath. When Officer Phillips asked Krueger how much he had to drink, Krueger responded: “Four or five beers, with the last one being about thirty minutes ago.” Officer Phillips also asked Krueger how intoxicated he was on a scale of one to ten, ten being the most intoxicated. Krueger answered that he was at about five.
¶ 3. Officer Phillips decided to give Krueger a mixture of common knowledge and standardized field sobriety tests, including: reciting the alphabet from “G” to “N,” a thumb-to-finger count, the one-leg-stand test, the walk-and-turn test, and finally the portable breath test. Krueger started the alphabet recitation with “E” instead of beginning with “G” as instructed. Krueger completed the thumb-to-finger task correctly. Krueger failed the one-leg-stand test, even though he claimed the exercise hurt his back, and he could therefore not perform this task. Krueger also failed the walk-and-turn test. Officer Phillips then offered Krueger the portable breath test, which was positive. Officer Phillips then asked Krueger to take the intoxilyzer breath test, which Krueger refused after reading the warnings and consequences for taking or refusing the intoxi-lyzer test. Officer Phillips cited Krueger with DUI refusal and common law DUI under Mississippi Code Annotated section 63-ll-30(l)(a) (Rev.2013).
¶ 4. Krueger was found guilty of driving under the influence (DUI), first offense, in the Justice Court of Scott County.[1] Krueger timely filed his notice of appeal, and the matter went to trial before the Circuit Court of Scott County, where he was also found guilty and sentenced to pay a $635.50 fíne. The court also sentenced Krueger to forty-eight hours of jail time; however, the court suspended the jail time conditioned upon Krueger completing the Mississippi Alcohol Safety Education Program.
¶ 5. Krueger now appeals to this Court, asserting the State failed to present sufficient evidence to establish beyond a reasonable doubt the requisite elements of the crime charged. Krueger contends that in light of such error, the circuit court erred in denying his motion for a directed verdict, as well as in rendering a verdict that was not supported by the evidence. Finding no error, we affirm.
STANDARD OF REVIEW
¶6. The “findings of fact by a circuit court judge, sitting without a jury, will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence.” Phillips v. Miss. Dep’t of Pub. Safety, 978 So.2d 656, 660 (¶ 13) (Miss.2008).
DISCUSSION
¶ 7. Krueger was convicted of driving or operating a motor vehicle while under the influence of intoxicating liquor. The controlling statute is section 63-11-30(l)(a), which reads in pertinent part as follows: “It is unlawful for any person to drive or otherwise operate a vehicle within this state who ... is under the influence of *889 intoxicating liquor[.]” Mississippi Code Annotated section 63-11-41 (Rev.2013) reads as follows: “If a person under arrest refuses to submit to a chemical test under the provisions of this chapter, evidence of refusal shall be admissible in any criminal action under this chapter.”
¶ 8. The circuit court made findings of fact seeking to determine if Krueger was operating a motor vehicle while under the influence of intoxicating liquor. The circuit court had before it evidence that Krueger slurred his words, smelled of alcohol, admitted to consuming four or five beers, said that on a scale of one to ten for intoxication he was a five, failed to stay on the line in the walk-the-line test, failed to walk heel-to-toe, turned the wrong way, and began his alphabet recital with “E” instead of the requested “G.”
¶ 9. In Deloach v. City of Starkville, 911 So.2d 1014 (Miss.Ct.App.2005), this Court upheld Deloach’s conviction of common-law DUI, which was based solely on the officer’s testimony, the field sobriety tests Deloach performed, and Deloach’s statement to the police. Id. at 106-17 (¶ 11). The intoxilyzer test results were thrown out. Id. at 1015 (¶ 5). The officer in Deloach, Officer Johnson, testified that he detected the smell of alcohol on Deloach after pulling Deloach over for careless driving. Id. at 1016 (¶ 11). Officer Johnson then asked Deloach to exit the car to perform some field sobriety tests, which included the walk-and-turn test and the one-leg-stand test. Id. at 1015 (¶ 3). The defendant gave an improper turn while performing the walk-and-turn test and failed to walk heel-to-toe. Id. Deloach also admitted to drinking earlier that day. Id. at (¶ 4).
¶ 10. Similar to Deloach, Officer Phillips smelled alcohol on Krueger, and Krueger failed to turn properly in the walk-and-turn test, failed to walk heel-to-toe, and failed the one-leg-stand test, among other things. Krueger also admitted to drinking earlier that day. Here, the circuit court also had evidence before it that Krueger refused to take the intoxilyzer test when it was offered to him. In Ricks v. State, 611 So.2d 212, 215-16 (Miss.1992), the Mississippi Supreme Court ruled that a defendant’s refusal to take the test is relevant and admissible evidence.
¶ 11. There is contradicting evidence about whether Krueger took the portable breath test. Officer Phillips said the test was positive, while Krueger testified the portable breath test was never offered to him. According to Officer Phillips, based on the results of the portable breath test, he asked Krueger to take the intoxilyzer breath test, which Krueger refused, even after reading the warnings and consequences for taking or refusing the intoxi-lyzer test. Regardless, under section 63-11 — 30(l)(a), the intoxilyzer test is not needed to prove intoxication. In Saucier v. City of Poplarville, 858 So.2d 933, 936 (¶ 14) (Miss.Ct.App.2003), this Court upheld a DUI conviction based on an officer’s testimony regarding the defendant’s slurred speech, glazed eyes, the smell of alcohol, and results from field sobriety tests. Like Saucier, there is ample evidence of slurred speech, the smell of alcohol, and failed field sobriety tests. Further, Krueger admitted to drinking beer, and stated he was about five on a subjective intoxication scale of one to ten.
CONCLUSION
¶ 12. We find the evidence to be substantial, reasonable, credible, and supportive of the circuit court’s finding that Krueger was operating a vehicle while under the influence, pursuant to section 63-11 — 30(l)(a); therefore, we affirm.
*890 ¶ 13. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE SHERIFF OF SCOTT COUNTY, WITH FORTY-EIGHT HOURS SUSPENDED UPON COMPLETION OF MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM, AND TO PAY A $635.50 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The charge of DUI refusal is not mentioned anywhere in the record. It is only mentioned in the State’s brief.