# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01881-COA

**STACY L. MILLER A/K/A STACY LIDDELL**                                   **APPELLANT**
**MILLER A/K/A STACY MILLER**

v.

**STATE OF MISSISSIPPI**                                                                  **APPELLEE**


| | |
|---|---|
| DATE OF JUDGMENT: | 10/15/2013 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK KEVIN HORAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, FIRST OFFENSE, AND SENTENCED TO FORTY-EIGHT HOURS IN JAIL, WITH THE SENTENCE SUSPENDED UPON PAYMENT OF A $550.50 FINE PLUS COURT COSTS |
| DISPOSITION: | AFFIRMED - 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Stacy Miller was charged with driving under the influence of alcohol after being stopped at a license checkpoint and registering a .10% blood-alcohol concentration (BAC) on the Intoxliyzer 8000.  After being convicted as a first-time offender in justice court, Miller appealed to the Circuit Court of Montgomery County, Mississippi.  The circuit court affirmed

his conviction, and he was sentenced to pay a fine of $550.50 plus court costs and to forty-eight hours in jail, to be suspended upon the payment of the fine and court costs. Miller appeals raising the following issues: (1) whether the trial court erred in holding that the officer had probable cause to administer the portable breathalyzer; and (2) whether the trial court erred in failing to exclude the intoxilyzer results.

**FACTS**

¶2.     The Montgomery County Sheriff's Department and the Mississippi Highway Patrol were conducting a license checkpoint on Mississippi Highway 407 in the Poplar Creek area of Montgomery County on July 5, 2012. Miller arrived at the checkpoint around 9:30 p.m. Mississippi Highway Patrol Trooper Josh McBride encountered Miller at the checkpoint. Trooper McBride testified that he asked for Miller's driver's license and he noticed several empty beer containers on the driver's floorboard. Trooper McBride also smelled a strong order of alcohol in the car and then inquired about Miller's alcohol consumption.

¶3.     Miller admitted that he, along with a few friends, had gone fishing and had several beers. Trooper McBride then offered Miller a portable breath test. Miller submitted to the breath test, which detected alcohol, and Trooper McBride ordered Miller out of the vehicle. When Miller stepped out, Trooper McBride testified that Miller seemed to be unsteady on his feet. Trooper McBride then noted that there was a strong alcohol odor emanating from Miller's person, and Miller was transferred to Montgomery County Emergency Operations Center. Miller was then tested on the Intoxilyzer 8000 around 10:15 p.m. Miller registered a .10% BAC and was charged with driving under the influence of alcohol.

¶4.     Miller was convicted in justice court and appealed to the Circuit Court of Montgomery

County. The circuit court also found Miller guilty, and he was ordered to pay a fine of $550.50 plus court costs, and was sentenced to forty-eight hours in jail, with the jail time suspended upon payment of the fine and court costs.

¶5. Miller appeals.

## STANDARD OF REVIEW

¶6. When reviewing the results of a bench trial, "[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." *Mason v. State,* 799 So. 2d 884, 885 (¶4) (Miss. Ct. App. 2001). "In a bench trial, the trial judge is the jury for all purposes of resolving issues of fact." *Lindley v. State,* 143 So. 3d 654, 657 (¶11) (Miss. Ct. App. 2014). The appellate court "will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong." *Sendelweck v. State,* 101 So. 3d 734, 739 (¶19) (Miss. Ct. App. 2012). "Decisions regarding the admissibility of evidence will be reversed only if the trial court has abused its discretion." *Drabicki v. City of Ridgeland,* 130 So. 3d 113, 115 (¶7) (Miss. Ct. App. 2013).

## DISCUSSION

### I. Whether the trial court erred in holding that the officer had probable cause to administer the portable breathalyzer.

¶7. Miller argues that no probable cause existed to administer the portable breathalyzer test. Miller also asserts that the trooper's observation that he "appeared" to be very intoxicated does not meet the threshold required for probable cause.

¶8. Sufficient evidence exists to establish probable cause for Trooper McBride to

3

administer the portable breathalzyer test. First, Trooper McBride smelled alcohol in the car and saw open beer containers on the floorboard. Second, Trooper McBride noted that Miller's eyes were "red and glassy," an indication of intoxication. Also, Miller admitted to drinking several beers earlier in the day while fishing with friends. Finally, once Miller stepped out of the vehicle, Trooper McBride noted that Miller seemed to be "unsteady on his feet," and he smelled alcohol on Miller's person. We have previously stated that "[t]here is a long line of precedent in Mississippi which holds the smell of alcohol emanated from a car is enough to provide an officer with probable cause to make an arrest." *Dale v. State,* 785 So. 2d 1102, 1107 (¶16) (Miss. Ct. App. 2001). In *Deloach v. City of Starkville,* 911 So. 2d 1014, 1017 (¶12) (Miss. Ct. App. 2005), we held that an officer's testimony about the defendant's appearance and behavior and the defendant's statement to the police were sufficient to establish a prima facie case for common-law driving under the influence.

¶9. Miller also attributes the fact that Trooper McBride did not administer "roadside tests" to a lack of probable cause. Field sobriety tests "may create probable cause to arrest for driving under the influence." *Edwards v. State,* 795 So. 2d 554, 563 (¶34) (Miss. Ct. App. 2001). There were several other factors previously discussed that attributed to Trooper McBride's conclusion that Miller was driving under the influence. Field sobriety tests are not the only tools available to law enforcement when determining if an individual is under the influence. Therefore, this issue is without merit.

**II.     Whether the trial court erred in failing to exclude the intoxilyzer results.**

¶10. Miller contends that the results from the Intoxilyzer 8000 are unreliable. According to Miller, although calibration certificates are admissible as nontestimonial evidence, when

there is a genuine issue of authenticity of the certificate, the State must present the calibrating officer for testimony and an opportunity for cross-examination. Miller next argues that there is no evidence that the Intoxilyzer 8000 had been calibrated on-site as required by statute.

¶11.    Miller cites Mississippi Code Annotated section 63-11-19 (Rev. 2013):

> The State Crime Laboratory shall make periodic, but not less frequently than quarterly, tests of the methods, machines or devices used in making chemical analysis of a person's breath as shall be necessary to ensure the accuracy thereof, and shall issue its certificate to verify the accuracy of the same.

The statute requires periodic calibration tests of machines similar to the Intoxilyzer 8000. We have previously stated, however, that "[t]his statute . . . is not a rule of evidence, so that evidence otherwise admissible will not be excluded because of failure to comply with the statute." *Hudspeth v. State,* 28 So. 3d 600, 603-04 (¶12) (Miss. Ct. App. 2009).

¶12.    We have also previously stated that "[t]he discretion of the trial judge must be exercised within the boundaries of the Mississippi Rules of Evidence. Unless the trial judge so abused his discretion as to prejudice the accused's case, we will not reverse his ruling." *Adams v. State,* 794 So. 2d 1049, 1054 (¶8) (Miss. Ct. App. 2001).

¶13.    Miller also relies on *McIlwain v. State,* 700 So. 2d 586 (Miss. 1997), and *Drabicki v. City of Ridgeland,* 130 So. 3d 113 (Miss. Ct. App. 2013). *McIlwain* discusses a three-prong test for laying the foundation to admitting the results of a DUI test: "1) proper procedures were followed, 2) whether the operator of the machine was properly certified to perform the test, and 3) whether the accuracy of the machine was properly certified." *Id.* at 590 (¶18). Here, through the testimony of Trooper McBride, all three prongs of the test were satisfied. Trooper McBride testified as to the proper procedure he followed in administering

5

the test; he testified that he was certified to operate the machine; and the certificate of calibration and Trooper McBride's certification were admitted into the record. The intoxilyzer test is admissible because it does not violate the Confrontation Clause. *Matthies v. State,* 85 So. 3d 838, 842 (¶14) (Miss. 2012).

¶14. Miller also argues that there is a genuine issue as to the authenticity of the certification. Miller, however, offers no evidence to support his challenge to the validity of the certificate. Also, Miller places emphasis on the fact that the calibration date is on a Sunday. According to the State's brief, however, the instrument self-calibrates and no technician is required to be present during the process. There is nothing in the record to indicate the State's contention regarding automatic calibration of the machine is incorrect. Therefore, this issue is without merit.

## CONCLUSION

¶15. As evidenced by Trooper McBride's testimony, probable cause existed to give Miller the portable breathalyzer test. Miller admitted to drinking, had red glassy eyes, smelled of alcohol, and was unsteady on his feet. These observations were enough to give Miller the breathalyzer test. At trial, the proper foundation was laid to admit the Intoxilyzer 8000 results into evidence. The State established that the proper procedure was followed; Trooper McBride was certified to give the test; and the machine itself was calibrated. Miller attempts to attack the validity of the calibration; however, there is nothing in the record to suggest that the results of the test were invalid because the machine was not calibrated properly. Accordingly, we affirm the judgment of the trial court.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY**

6

**OF CONVICTION OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN JAIL, WITH THE SENTENCE SUSPENDED UPON PAYMENT OF A $550.50 FINE PLUS COURT COSTS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**