856 So.2d 669 (2003)
Bobby DOOLIE a/k/a Bobby J. Doolie, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00792-COA.
Court of Appeals of Mississippi.
July 15, 2003.
Rehearing Denied October 14, 2003.
*670 James G. McIntyre, Jackson, for appellant.
Office of the Attorney General, by Deirdre McCrory, for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. Bobby Doolie was found guilty of felony driving under the influence (DUI), third offense. Aggrieved, Doolie argues on appeal that the overwhelming weight of the evidence is against the verdict and that the documentation of his prior DUI convictions presented at trial were not properly authenticated. Finding no error, we affirm.

FACTS
¶ 2. On December 20, 1998, at approximately 3:30 a.m., Gill Baker, a DUI officer with the Jackson Police Department, observed the vehicle in front of him cross the fog line three times. Officer Baker attempted to initiate a stop by turning on his blue lights, but the vehicle did not stop. Officer Baker then hit his air horn, but the vehicle continued. After Officer Baker hit his air horn a second time, the vehicle crossed the center line of the highway and went into the path of an oncoming car and then eventually turned into a parking lot where the vehicle finally stopped. The driver of the vehicle was identified as Bobby Doolie.
¶ 3. When Officer Baker approached the vehicle and spoke with Doolie, he smelled a strong odor of alcohol, observed that Doolie's eyes were bloodshot, and noticed that Doolie's speech was slurred. Upon being asked for a driver's license, Doolie fumbled through his wallet for a minute and a half before he finally produced a different form of identification, because his license was suspended.
¶ 4. After Doolie exited the vehicle, he demonstrated a lack of coordination and unsteadiness on his feet. Officer Baker then conducted a field sobriety test, known as the horizontal gaze nystagmus test. Officer Baker, certified in standardized field sobriety testing and an instructor for field sobriety testing, determined that from the totality of his observations there was no need to perform any additional field sobriety tests. The officer determined that probable cause existed to offer Doolie the intoxilyzer test. Officer Baker then placed Doolie in his vehicle and transported him to the precinct where the intoxilyzer was offered.
¶ 5. Doolie stumbled when he exited the vehicle at the precinct and staggered and stumbled as he walked toward the Intoxilyzer 5000 machine. Doolie accepted the test, but refused to give an adequate breath sample to complete the test. Despite instructions, Doolie repeatedly would blow and then stop prematurely. Doolie was then transported to the city jail and cited for driving with a suspended license.
¶ 6. Doolie's subsequent indictment charged him with "unlawfully and feloniously driv[ing] or otherwise operat[ing] a vehicle ... while under the influence of intoxicating liquor ... having been previously convicted of two violations of Section 63-11-30(1)." Doolie requested a bench trial and waived his right to a jury trial. *671 During trial, Officer Baker testified to the events of that night. Doolie's prior DUI convictions were then presented to the court. The trial judge found Doolie guilty of felony DUI.

ANALYSIS

1. Whether the court's verdict was against the overwhelming weight of the evidence.

¶ 7. Doolie asserts that the evidence presented failed to prove, beyond a reasonable doubt, that he was guilty of driving under the influence. This issue was addressed in Ford v. State, 753 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999), where this Court held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
The Mississippi Supreme Court has held that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). In a bench trial, as in this case, the trial judge is "the jury" for all purposes of resolving issues of fact. Evans v. State, 547 So.2d 38, 40 (Miss.1989). "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Mason v. State, 799 So.2d 884, 885(¶ 4) (Miss.Ct.App.2001).
¶ 8. The State presented sufficient evidence, in the form of Officer Baker's testimony, from which the trial judge could reasonably conclude that Doolie was under the influence of intoxicants to the degree that his motor skills necessary to properly operate a motor vehicle were impaired. Miss.Code Ann. § 63-11-30(1)(a) (Supp. 2002). Officer Baker, a trained DUI officer and instructor, testified that he observed Doolie weaving across the highway on at least three occasions. He further testified that he smelled a strong odor of alcohol, noticed bloodshot eyes and slurred speech, noticed Doolie fumble through his wallet for identification, and observed that Doolie was unsteady on his feet.
¶ 9. Doolie provided no evidence to the contrary. Doolie did not present any evidence that he had taken any medication, that he had a speech impediment, that he had impaired vision, or that could explain why he was weaving across the highway. He also did not provide an explanation for why he smelled like alcohol, why his eyes were bloodshot, why his speech was slurred, or for why he was unsteady on his feet.
¶ 10. In conclusion, the defense presented no evidence tending to demonstrate Doolie's innocence. On cross-examination of the prosecution's witness, the defense did not develop any evidence tending to impeach the prosecution's witness nor did the defense elicit any affirmative exculpatory evidence. In the final analysis, there was simply no evidence to weigh against the State's evidence. Therefore, this Court cannot hold that a manifest miscarriage of justice would occur by permitting the verdict to stand. Brown v. State, 763 So.2d 207, 209(¶ 6) (Miss.Ct.App.2000). We find this assignment of error to be without merit.

*672 2. Whether the court erred in admitting the justice court record.

¶ 11. Mississippi Code Annotated § 63-11-30(2)(c) (Supp.2002) provides that in order to be convicted of felony DUI, the defendant must have two prior DUI convictions within the last five years. At trial, the State introduced two certified copies of records documenting Doolie's two previous DUI misdemeanor convictions, one from Grenada County Justice Court and one from Grenada County Municipal Court. The justice court record evidenced Doolie's first DUI conviction on November 20, 1997. The municipal court record evidenced Doolie's second DUI conviction on January 27, 1998. The State offered an additional record from the Mississippi Department of Public Safety, which also reported Doolie's two previous DUI misdemeanor convictions. The Mississippi Department of Public Safety record was a certified computer printout, under seal, of Doolie's driving record.
¶ 12. Doolie objected to the justice court record on the grounds that it was an abstract without an official seal and, therefore, not self authenticating. He further objected to the Department of Public Safety record as inadmissible hearsay. Doolie did not object to the municipal court record. The trial court found that the justice court record corroborated and supported the accuracy of the Department of Public Safety record. The trial court further found that the Department of Public Safety record was admissible as a public record exception to the hearsay rule pursuant to Mississippi Rules of Evidence 803(8). Specifically, the trial court held:
Well, standing alone, the defendant may have a point, but the court, again, finding that the Department of Public Safety's record was properly under seal, and that is an official document of the State of Mississippi, and that does show the two prior DUI misdemeanor convictions, including the one with the justice court, and taken together, the Court believes that it is properly admissible, but, again, believes that the State Public Service Department's report is sufficient on its own, and the Court may not have admitted the justice court had that been the only one, but since the Public Safety Department was under seal and an official document of the State of Mississippi for such records, then the Court admitted those.
¶ 13. On appeal, Doolie argues that the trial court erred in the admission of the justice court record and the municipal court record. Doolie contends that the records were not under seal and, therefore, not self-authenticating pursuant to Mississippi Rule of Evidence 902(1). Doolie further argues that there is no way to interpret the public records exception of M.R.E. 803(8) to allow the admissibility of a municipal court abstract of previous criminal convictions.
¶ 14. We disagree. First, Doolie failed to object to the municipal court record at the trial level. A trial court will not be put in error on appeal for a matter not presented to it for decision. Harris v. Lewis, 755 So.2d 1199, 1204(¶ 18) (Miss.Ct. App.1999). Therefore, we will not entertain Doolie's argument as to the admissibility of the municipal court record. Second, Doolie's contention that the trial court admitted the municipal court record into evidence pursuant to the public record exception of M.R.E. 803(8) is misplaced. The trial court did not admit the municipal court record or the justice court record pursuant to M.R.E. 803(8). The trial court only admitted the Mississippi Department of Public Safety record pursuant to M.R.E. 803(8). Doolie also fails to mention the *673 Mississippi Department of Public Safety record in his appeal.
¶ 15. We now look to see whether the trial court erred in admitting the justice court record. The admissibility of evidence lies within the discretion of the trial court. Peterson v. State, 671 So.2d 647, 655 (Miss.1996). We will not disturb the trial court's ruling unless that court utilized an improper legal standard in determining admissibility such that the admission of the document resulted in an abuse of discretion resulting in prejudice to the defendant. Id. at 655-56.
¶ 16. In Ficklin v. State, 758 So.2d 457, 461-62 (¶¶ 20-24) (Miss.Ct.App.2000), this Court addressed the issues of the public records exception of M.R.E. 803(8) and self-authentication concerning the admission of certified printouts of prior convictions to prove habitual offender status for enhanced sentencing. In Ficklin, the State offered a certified computer printout of the defendant's files from the Mississippi Department of Corrections to show that he was an habitual offender. The defendant argued that the records were hearsay and that the records were improperly found to be self-authenticating. This Court found "that the computer generated records of Ficklin's prior incarceration fall within the public records exception to the hearsay rule, and are admissible as data compilation under Rule 803(8)." Id. at 462(¶ 23). As to Ficklin's self-authentication argument, this Court found pursuant to M.R.E. 902(4), that "[s]ince the computer printouts are classified as data compilations, they were admissible after being certified as correct over the signature of the custodian." Id. at (¶ 24)
¶ 17. Following Ficklin, we find that the Mississippi Department of Public Safety printout of Doolie's driving record is admissible as a data compilation pursuant to the public record exception of M.R.E. 803(8). As to whether the record is self-authenticated, like in Ficklin, this Court finds that the Mississippi Department of Public Safety driving record is admissible after being certified as correct by the signature of the custodian of the records. Furthermore, the Mississippi Department of Public Safety driving record was under seal, and therefore, self-authenticated pursuant to M.R.E. 902(1).
¶ 18. Finding the Mississippi Department of Public Safety record admissible, we hold the admission of the justice court record to be of no error. To find error, the admission must have prejudiced the defendant. Peterson v. State, 671 So.2d 647, 655-56 (Miss.1996). There was no prejudice to Doolie by admitting the corroborating document. Mississippi Code Annotated § 63-11-30(2)(c), which requires proof of two prior DUI convictions within the last five years for felony DUI, was satisfied by the admissible Mississippi Department of Public Safety record. Furthermore, the municipal court record also supported the element by indicating that Doolie had been convicted of his second DUI offense. Therefore, we find that no prejudice resulted from the admission of the corroborating justice court record. Thus, the trial court did not err and this assignment of error is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF FELONY DUI AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED, TWO YEARS POST-RELEASE SUPERVISION AND FINE OF $2,000 IS AFFIRMED WITH SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
*674 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.