CARLTON, J.,
for the Court:
¶ 1. On September 9, 2009, the Brandon Municipal Court found Steven Sendelweck guilty of disorderly conduct and resisting arrest. Sendelweck appealed his convictions and sentences. After a de novo trial, the County Court of Rankin County affirmed Sendelweck’s conviction for resist ing arrest, but dismissed the disorderly-conduct conviction and sentence. The county court judge sentenced Sendelweck to a $500 fine and a suspended jail term of sixty days, with two years of unsupervised probation. Sendelweck then appealed his conviction and sentence to the Rankin County Circuit Court, which affirmed the county court’s findings and judgment. Sendelweck now appeals to this Court. Finding no error, we affirm.
FACTS
¶ 2. On July 16, 2009, Officer Michael Case of the Brandon Police Department received a call requesting that he follow up on a complaint about dogs entering a garage in Brandon, Mississippi, and pulling out items. Officer Case spoke with the caller, who informed him that the dogs in question belonged to a family residing at 121 Bentley Drive in Brandon. Officer Case drove to the address and knocked on the door.
¶ 3. Officer Case stated in his police report that several children and their babysitter answered the door. Officer Case asked the babysitter if two beagles lived in the house, and the babysitter confirmed that they did. Officer Case explained that the babysitter needed to keep the dogs in the backyard, or he would be required to take the dogs. The babysitter responded, “Yes, sir,” and Officer Case left the house without incident. Approximately fifteen minutes later, Officer Case’s supervisor called, informing Officer Case that an “irate individual” called to make complaint about Officer Case’s handling of the situation. The supervisor advised Officer Case that dispatch was sending a sergeant to talk to the individual’s husband, and that Officer Case should stay away from the area until the matter was resolved.
¶ 4. Sergeant Allen Parfait arrived at 60 Terrapin Hill in Brandon to interview the irate caller’s husband. The caller’s husband, later identified as Sendelweck, explained that on the day in question, his children were at home with the babysitter while he cut his mother’s grass. While cutting the grass, Sendelweck received a call from his daughter regarding the encounter with Officer Case. Sendelweck then called his wife and asked her to call the Brandon Police Department and ask them to send the officer to his mother’s house so that he could sort out the situation.
*736 ¶ 5. According to Sergeant Parfait’s testimony, upon arriving at the residence, he noticed Sendelweck holding an edger and walking toward him from a yard across the street. Sendelweck dropped the edger and approached Sergeant Parfait, pointed his finger in his face, and asked Sergeant Parfait if he was the dog catcher. Sergeant Parfait later testified that Sendel-weck’s finger was “about a half inch” from his face, and that Sendelweck was irate. Sergeant Parfait explained that he was not with animal control, but that he was there to take a report documenting the complaint. Sendelweck informed Sergeant Parfait that he was not going to tell him anything and that he needed to get the dog catcher. Sergeant Parfait described Sendelweck’s behavior as “threatening” and “combative,” and he testified that Sen-delweck was “gritting his teeth” while talking and was “completely irate.” Sergeant Parfait explained that he thought, based on Sendelweck’s behavior, that “at any time ... we was fixing to fight.”
¶ 6. Sergeant Parfait asked Sendelweck to step back and calm down. Sendelweck continued to state that he was not going to give Sergeant Parfait “anything,” and that he wanted the dog catcher. Sergeant Parfait explained that he was not going to bring animal control to the scene, and Sendelweck responded by saying “get the f* * *ing dog catcher over there now.”
¶ 7. Sergeant Parfait continued to warn Sendelweck to calm down and back away, explaining that failure to comply with the request “to quit threatening [Sergeant Parfait] in a threatening manner, cut out all the cussing” would result in Sendel-weck’s arrest for disorderly conduct. Sergeant Parfait stated the Sendelweck responded by claiming “he wasn’t going no f* * *ing where” with the officer. Sergeant Parfait then placed Sendelweck under arrest and pulled out his handcuffs. Sergeant Parfait explained that Sendel-weck began walking away, so he grabbed Sendelweck’s wrist. Sendelweck pulled his arm out of Sergeant Parfait’s grasp. Sergeant Parfait then warned Sendelweck that he would be sprayed with pepper spray, and Sendelweck retorted that he “ain’t going f* * *ing nowhere.” Sergeant Parfait sprayed Sendelweck, and the spray hit Sendelweck’s shoulder and neck. Sergeant Parfait sprayed once more, this time hitting Sendelweck’s face, allowing Sergeant Parfait to place handcuffs on Sendelweck. Sergeant Parfait then called for his supervisor, and requested that American Medical Response (AMR) come to the scene to flush Sendelweck’s eyes. Sergeant Parfait testified that Sendelweck continued cursing at him while under arrest. He further testified that Sendelweck used profanity toward AMR personnel after they arrived on the scene and flushed his eyes. Sergeant Parfait testified that he transported Sendelweck to the police department for booking, charging him with disorderly conduct, failure to comply with the order of a law-enforcement officer, and resisting arrest.
¶ 8. Sendelweck, however, disputed this version of the events, claiming that Sergeant Parfait immediately began cursing at him. Sendelweck alleged that Sergeant Parfait called him “a long-haired piece of sh*t dopehead mother f* * *er living with his mama and making her pay [his] bills.” Sendelweck testified that he responded by saying, “Well, look dude, I want to get the dog catcher here too so we can get this thing straightened out rather than file one report here, one report there.” Sendel-weck testified that his statement angered Sergeant Parfait, who then informed Sen-delweck, “I am not dude, I am Sergeant Allen Parfait.” Sendelweck again responded that he would like to get the “f* * :|!ing dog catcher” to the scene. Sendelweck claims that Sergeant Parfait *737 then reached for his handcuffs and pepper spray. Sendelweck stated that Sergeant Parfait failed to explain that he intended to place Sendelweck under arrest; instead, he grabbed Sendelweck’s arm. Sendel-weck admitted that he pulled his arm away, but claimed that he never threatened Sergeant Parfait until the officer sprayed him with pepper spray for “no reason.” Sendelweck claimed Sergeant Parfait sprayed him while Sendelweck’s hands were in front of him, offering to let Sergeant Parfait handcuff him. Sendel-weck admitted that he threatened Sergeant Parfait after this incident, and claimed that Sergeant Parfait sprayed him a second time after handcuffing him.
¶ 9. Officer Lee Barton and Lieutenant Richard Fowler both arrived on the scene. Officer Barton later testified that when he arrived on the scene, “Sergeant Parfait was walking towards [Sendelweck], who was walking away from [Sergeant] Parfait.” Officer Barton explained that by the time he arrived on the scene, Sergeant Parfait had already arrested and handcuffed Sendelweck. Officer Barton testified that during this time, Sendelweck was “yelling at [Sergeant Parfait]” and “cussing.”
¶ 10. Lieutenant Fowler testified that when he arrived on the scene, Sergeant Parfait had already arrested and handcuffed Sendelweck. Lieutenant Fowler explained that Sendelweck “was sitting on the ground ... trying to get up.” He described Sendelweck as “belligerent” and “irate.”
¶ 11. On September 9, 2009, the Brandon Municipal Court found Sendelweck guilty of disorderly conduct and sentenced him to a suspended sentence of six months in jail, a $500 fine, and an assessment of $91. The court also found Sendelweck guilty of resisting arrest and sentenced him to a suspended sentence of six month in jail, a $497 fine, and an assessment of $91. On September 24, 2009, Sendelweck filed a notice of appeal from the municipal court to the County Court of Rankin County-
¶ 12. On June 18, 2010, the county court judge heard the appeal de novo. During the bench trial, the judge heard testimony from Lieutenant Fowler, Officer Case, Sergeant Parfait, and Officer Barton, as well as Sendelweck. At the conclusion of the State’s case, the defense moved to dismiss the disorderly-conduct charge, arguing that the charging affidavit “charged [Sendelweck] only for refusing to stop yelling and cursing, which ... is not an illegal act in ... Mississippi.” The county court judge agreed and dismissed the charge, finding that the affidavit charging Sendelweck with disorderly conduct to be defective “because it focused on the speech, and not [Sendelweck’s] conduct.” The charging affidavit reflects that Sendelweck, in violation of Mississippi Code Annotated section 97-35-7(1) (Rev. 2006), “did willfully and unlawfully refuse to comply with the request of [Sergeant] Parfait, a law enforcement officer, who had the authority to then and there arrest any person for a violation of the law by refusing to stop yelling and cursing.” The county court judge stated that “the statute, as charged in this case, could not be applied to the verbal actions of [Sendel-weck] as stated .in the charging affidavit.”
¶ 13. However, the county court judge explained that he believed, based on the testimony presented, Sendelweck “clearly violated” section 97-35-7(l)(a), which authorizes arrest upon a person’s refusal to comply with the request of a law-enforcement officer to “[m]ove or absent [himself] and any vehicle or object subject to his control from the immediate vicinity where the request, command or order is given.” The county court judge again aeknowl- *738 edged that the affidavit failed to charge Sendelweck based on his conduct, stating that “[Sergeant Parfait] had an overwhelming amount of probable cause to sustain a charge of disorderly conduct.... [U]nfortunately, he picked the wrong part of the conduct to charge him with, and that’s the reason I’m dismissing it.” The county court judged explained that “[e]ven though this charge was dismissed on what the court found to be a legal technicality, that by no means meant that [Sendelweck] was not in fact disorderly and subject to arrest for this crime committed in the officer’s presence.”
¶ 14. After the defense rested, the county court judge took the resisting-arrest charge under advisement in order to listen to various tapes introduced into evidence. He ultimately found Sendelweck guilty of resisting arrest, and entered a judgment reflecting this finding on September 7, 2010, stating:
[T]he court finds that, as a matter of fact, beyond a reasonable doubt, [Sen-delweck] did engage in conduct which rose to the level of disorderly conduct. The facts of the case render the decision to arrest [Sendelweck] reasonable under the circumstances. Having found the arresting officer’s testimony credible as to the events both leading up to and following the arrest, [Sendelweck’s] conduct constituted resisting arrest and justified the use of non-lethal force to bring [Sendelweck] under the officer’s control for purposes of effecting the arrest.
¶ 15. The county court judge sentenced Sendelweck on November 30, 2010, to a $500 fine and a suspended jail term of sixty days, with two years of unsupervised probation, during which the judge instructed Sendelweck to enroll in and successfully complete an anger-management program. Sendelweck filed an appeal of this judgment and sentence on December 28, 2010.
¶ 16. In his appeal to the circuit court, Sendelweck alleged that the county court “committed manifest error in applying the law to the facts of this case.” Specifically, Sendelweck challenged the county court’s failure to dismiss the resisting-arrest charge and its ruling “that there was probable cause for the arrest of Steve Sendel-weck.” Sendelweck asserted that “there was no crime committed in the presence of Sergeant Parfait[,] nor was there a threat of a breach of the peace[,] as there was no one else on the scene other than [Sergeant] Parfait or Sendelweck.”
¶ 17. On July 12, 2011, the circuit court entered an opinion finding Sendelweck’s assignment of error unsupported by the record. The circuit court affirmed the county court’s judgment, determining:
the findings of the trial judge are supported by the evidence presented at trial and are not clearly erroneous or manifestly wrong, and further, that when considering the facts in a light most favorable to the State, reasonable jurors could have found [Sendelweck] guilty beyond a reasonable doubt.
¶ 18. Sendelweck now appeals the circuit judge’s order, arguing that his resisting-arrest charge should have been dismissed since the county court judge dismissed the underlying charge of failing to obey the lawful commands of a law-enforcement officer. Sendelweck also claims that regardless of whether the county court should have dismissed the underlying charge, the circuit court still erred in failing to find him not guilty of resisting arrest.
STANDARD OF REVIEW
¶ 19. The standard of review for a judgment entered following a bench trial is well settled. In a bench trial, the trial judge is “the jury” for all purposes of *739 resolving issues of fact. Evans v. State, 547 So.2d 38, 40 (Miss.1989). We recognize that “[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003) (citing Mason v. State, 799 So.2d 884, 885 (¶ 4) (Miss.Ct.App.2001) (quotations omitted)). “The Mississippi Supreme Court has stated that: “[f]or review of the findings of a trial judge sitting without a jury, [the appellate court] will reverse ‘only where the findings of the trial judge are manifestly erroneous or clearly wrong.’ ” Amerson v. State, 648 So.2d 58, 60 (Miss.1994).
DISCUSSION
¶ 20. Sendelweck argues that the trial judge erred in finding Sergeant Parfait had probable cause to arrest Sendelweck for disorderly conduct. Sendelweck also claims that the county court judge erred by failing to dismiss his resisting-arrest charge when the county court dismissed the disorderly-conduct charge. Sendel-weck cites Brendle v. City of Houston, 759 So.2d 1274 (Miss.Ct.App.2000), arguing that the First Amendment ensures his right to verbally oppose or challenge police action. In Brendle, this Court cited the United States Supreme Court decision of City of Houston, Texas v. Hill, 482 U.S. 451, 463, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), acknowledging that the First Amendment protects a significant amount of verbal criticism directed at a police officer. The Brendle court acknowledged: “[I]t is clear that Mississippi cannot, under the confines of the U.S. Constitution, regulate speech which does not fall into the categories of ‘fighting words,’ ‘obscene words,’ or some ‘libelous words.’ ” Brendle, 759 So.2d at 1283 (¶ 26).
¶ 21. At the conclusion of the trial, the county court found that Sendelweck was lawfully arrested for disorderly conduct, even though the court ultimately dismissed the disorderly-conduct charge due to defective language in the charging affidavit which faded to state an offense in violation of section 97-35-7(1). In its judgment, the county court found that Sendelweck was lawfully arrested, and found Sendelweck guilty of resisting a lawful arrest.
¶22. The judgment further reflects that evidence presented during trial showed that Sendelweck engaged in behavior that rose to the level of disorderly conduct beyond a reasonable doubt. The county court held that Sendelweck’s conduct leading up to and following the arrest amounted to resisting arrest, thus justifying the use of non-lethal force to bring Sendelweck under Sergeant Parfait’s control to effect the arrest.
¶ 23. We review the trial court’s determination of whether a probable cause existed to arrest Sendelweck utilizing an abuse-of-discretion standard. Holloman v. State, 820 So.2d 52, 55 (¶ 11) (Miss.Ct.App.2002). In determining whether the county court erred in finding a lawful arrest occurred, we begin by evaluating the elements of the offense of disorderly conduct. Mississippi Code Annotated section 99-3-7(1) (Supp.2012) states that “[a]n officer ... may arrest any person without [a] warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence.” Sendelweck was charged with disorderly conduct, which section 97-35-7(1) defines as follows:
Whoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace, fails or re *740 fuses to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person for a violation of the law, to:
(a) Move or absent himself and any vehicle or object subject to his control from the immediate vicinity where the request, command or order is given, or
[[Image here]]
(i) Act or do or refrain from acting or doing as ordered, requested or commanded by said officer to avoid any breach of the peace at or near the place of issuance of such order, request or command, shall be guilty of disorderly conduct, which is made a misdemeanor and, upon conviction thereof, such person or persons shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment.
¶ 24. The county court dismissed the disorderly-conduct charge against Sendel-weck after determining that the charging affidavit alleged Sendelweck violated the disorderly-conduct statute by only his verbal actions of refusing to stop yelling and cursing. The county court found that despite the charging affidavit’s failure to include language amounting to the offense of disorderly conduct, the testimony presented at trial was sufficient to factually establish disorderly conduct by Sendelweck in violation of the applicable statute. The county court further held that the evidence at trial sufficiently established the lawfulness of Sendelweck’s arrest for disorderly conduct. The record reflects that county court found that “[ejven though this charge was dismissed on what the court found to be a legal technicality, that by no means meant that [Sendelweck] was not in fact disorderly and subject to arrest for this crime committed in the officer’s presence.” On appeal, the circuit judge affirmed the judgment of conviction of the county court. We review the trial court’s factual determinations to see whether “they are supported by substantial, credible, and reasonable evidence.” Doolie, 856 So.2d at 671 (¶ 7).
¶ 25. In applying this standard of review to this case, we find no error in the trial court’s finding that a lawful arrest occurred since sufficient evidence was presented showing Sendelweck’s disorderly conduct in violation of section 97-35-7(1). Testimony was presented at trial showing that Sergeant Parfait believed Sendel-weck’s behavior to be threatening and combative in the public place of a residential neighborhood and that Sergeant Parfait asked Sendelweck to step back and calm down. As previously stated, Sergeant Parfait testified that when he arrived at the scene, he parked on the street and exited his vehicle. He stated that Sendelweck walked across the street and irately pointed his finger in Sergeant Parfait’s face. Sergeant Parfait testified that he directed Sendelweck to calm down and step back, but that Sendelweck failed to comply. Sendelweck instead continued to insist that Sergeant Parfait summon the dog catcher to the scene. Sergeant Parfait explained that he continued to warn Sendelweck to calm down and back away, to no avail. Sergeant Parfait finally advised Sendelweck that if he did not comply, he would be arrested. Sergeant Parfait’s testimony provides that Sendelweck failed to comply by refusing to calm down or back away. Instead, Sendelweck continued to yell and curse. Sergeant Parfait then proceeded to arrest Sendelweck, and as previously stated, the record contains sufficient evidence supporting the county court’s determination that Sergeant Par *741 fait lawfully arrested Sendelweck for disorderly conduct. We now turn to review precedent relevant to the issue before us.
¶ 26. In Jones v. State, 798 So.2d 1241, 1248 (¶ 14) (Miss.2001), the Mississippi Supreme Court established that appellate review of whether a lawful arrest occurred must begin with a determination of whether there was “sufficient evidence to believe that a breach of the peace was being threatened or a crime was about to be committed.” This Court applied the standard outlined in Jones to our analysis in Odem v. State, 881 So.2d 940, 945-46 (¶ 18) (Miss.Ct.App.2004). The Odem Court explained that Larod “Odem’s language and his physical acts must be examined to determine whether he had an intent to breach the peace or whether he did in fact breach the peace.” Id. at 946 (¶ 19) (emphasis added). After our analysis, we then held that sufficient evidence existed for the arresting officer to have probable cause to arrest Odem for disorderly conduct, or breach of the peace, thus resulting in a lawful arrest. Id. at 947 (¶22). The Odem Court distinguished its facts from Brendle, noting that Odem was arrested for disorderly conduct, not profanity, as in Brendle. Id. at 946 (¶ 19). Additionally, in Odem, the police arrested the defendant based not just on his use of profanity, but also on his conduct, behavior, and demean- or. Id.
¶ 27. Similar to Odem, the record in the present case reflects that Sergeant Parfait decided to arrest Sendelweck based on Sendelweck’s actions, behavior, and offensive language. After reviewing the evidence presented at trial, the county court judge found sufficient evidence existed showing that Sergeant Parfait possessed probable cause to arrest Sendelweck for disorderly conduct not because of Sendel-weck’s words but because of his combative conduct. From the evidence and testimony provided, we find sufficient evidence in the record to support the county court’s determination that a lawful arrest occurred.
¶ 28. We concur with the county court’s dismissal of the disorderly-conduct charge because the language contained in the charging affidavit failed to state an offense in violation of section 97-85-7(1). As previously explained, the charging affidavit for the offense of disorderly conduct was based only on Sendelweck’s refusal to stop yelling and cursing, which the county court judged explained “is not an illegal act in ... Mississippi.” The disorderly-conduct affidavit failed to mention Sendelweck’s conduct in refusing to comply with Sergeant Parfait’s request to calm down and back up, although evidence of this conduct was presented at trial. Therefore, the county court properly dismissed the disorderly-conduct charge.
¶ 29. Further, the record sufficiently supports the county court’s finding Sendelweck guilty of resisting arrest. The supreme court has held that “[rjesisting arrest occurs when a person obstructs or resists his lawful arrest[] by force, violence, threats, or in any other manner.” Chambers v. State, 973 So.2d 266, 269 (¶ 9) (Miss.Ct.App.2007) (citing Miss.Code Ann. § 97-9-78 (Rev.2000)). As stated, Sergeant Parfait testified that when he attempted to place Sendelweck under arrest, Sendelweck pulled his arm out of Sergeant Parfait’s grasp and walked away. Sergeant Parfait also testified that Sendel-weck’s actions led Sergeant Parfait to discharge his pepper spray to aid in placing Sendelweck under arrest. We find that the dismissal of the disorderly-conduct charge fails to affect the county court’s judgment convicting Sendelweck for the offense of resisting arrest. We therefore *742 affirm the circuit court’s judgment of conviction affirming the county court’s decision.
¶ 80. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF RESISTING ARREST AND SENTENCE OF A SUSPENDED JAIL TERM OF SIXTY DAYS WITH TWO YEARS OF UNSUPERVISED PROBATION AND A FINE OF $500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.