IRVING, P.J.,
for the Court:
¶ 1. The Oktibbeha County Justice Court found Anthony K. Chapman Jr. guilty of driving under the influence (DUI), first offense. Chapman appealed to the Oktibbeha County Circuit Court, which, after a trial de novo, also found him guilty. Chapman filed a motion for reconsideration, which the court denied. Feeling aggrieved, Chapman appeals and argues that the circuit court’s judgment was manifestly erroneous and clearly wrong because the State did not meet its burden of proof.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 11, 2010, at approximately 10:00 p.m., Officer Michael Hunter, with the Oktibbeha County Sheriffs Department, received a call from dispatch reporting that a black truck was running over mailboxes on a residential street. Officer Hunter testified that as he was responding to that call, he received a second call from dispatch indicating that the same black truck had hit a boat on the same street. As Officer Hunter approached the scene, he spotted the truck described in the call. Officer Hunter stated that he got behind the truck and followed it for two minutes until the driver, later identified as Chapman, pulled into the parking lot of an apartment complex. Officer Hunter pulled into the parking lot behind Chapman, activated his blue lights, got out of his vehicle, and approached Chapman’s truck.
¶ 4. Officer Hunter noticed that part of the chrome grill on the front of the truck had been damaged. He asked Chapman about the mailboxes. Chapman responded that the truck’s power steering had “gone out” and admitted that as a result, he had hit some mailboxes. Officer Hunter asked Chapman to step out of the truck. Officer Hunter stated that he could smell an “intoxicating beverage coming from” Chapman and that he observed two beer cans in the truck, which Chapman claimed were not his. He also noted that Chapman’s speech was a little slurred, and when he *961 asked Chapman if he had had anything to drink, Chapman responded that he had had six beers.
¶ 5. Deputy Charlie McVey, also with the Oktibbeha County Sheriffs Department, arrived with a portable breathalyzer (PBT) and asked Chapman to submit to a test, but Chapman refused. Deputy McVey testified that there was no doubt in his mind that Chapman was intoxicated based on his refusal of the PBT, his words, and his actions. Officer Hunter arrested Chapman and took him to the police station. At the police station, Deputy McVey asked Chapman to take the Intoxilyzer test, which Chapman refused. Officer Hunter then conducted field sobriety tests. During the horizontal gaze nystagmus test, Officer Hunter noted that there were no clues of intoxication. When Chapman performed the walk-and-turn test, Officer Hunter noted that there were two clues of intoxication: Chapman put both of his thumbs in his belt loops, against Officer Hunter’s instructions, and Chapman missed the heel-to-toe step on several of nine steps. During the one-leg-stand test, Officer Hunter observed one clue, as Chapman had raised his hands for balance. During trial, Chapman, arguing that the State had not met its burden of proof, moved for a directed verdict, which the court denied.
¶ 6. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. “[A] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Sendelweck v. State, 101 So.3d 734, 739 (¶ 19) (Miss.Ct.App.2012) (quoting Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003)). An appellate court will only reverse a circuit court’s judgment if it is “manifestly erroneous or clearly wrong.” Id. (quoting Amerson v. State, 648 So.2d 58, 60 (Miss.1994)).
¶ 8. Chapman insists that the circuit court’s judgment was manifestly erroneous and clearly wrong because the State did not meet its burden of proof. He essentially challenges the sufficiency of the evidence, alleging that the State did not prove his guilt beyond a reasonable doubt with .substantial and credible evidence. The Mississippi Supreme Court has stated:
[I]n considering whether the evidence is sufficient to sustain a conviction[,] ... the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction.
[[Image here]]
Should the facts and inferences considered in a challenge to the sufficiency of the evidence point in favor of the defendant on any element of the offense with sufficient force that reasonable man could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.
Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (internal citations and quotation marks omitted). The evidence is viewed in the light most favorable to the State. Id.
¶ 9. Under Mississippi Code Annotated section 63 — 11—30(l)(a) (Rev.2013), in order for a defendant to be convicted of DUI, the State must show that the defendant was *962 driving a vehicle while he was under the influence of intoxicating liquor that impaired his ability to operate a motor vehicle. It is undisputed that Chapman was operating the truck that night. However, Chapman insists that Officer Hunter’s and Deputy McVe/s testimonies were insufficient to prove that he was under the influence at that time.
¶ 10. Chapman refused to take the PBT during the traffic stop and also refused to take the Intoxilyzer test at the police station. Both Deputy McVey and Officer Hunter testified that, based on their experience as seasoned police officers, Chapman was under the influence at the time of the stop. Also, Chapman admitted that he had had six beers that day.
¶ 11. To support his argument that he was not intoxicated at the time of the incident and to minimize the impact of his having had six beers, Chapman points to the fact that he and his friends began partying at 10:30 a.m. and finished around 9:30 or 10:00 p.m. He also notes that he had not had anything to drink in “a few hours,” leaving plenty of time for the effects of the beer to wear off. However, the record reflects that Chapman never stated the exact period of time during which he had consumed the six beers, nor does the record show the volume of the six beers. For example, we do not know whether Chapman consumed six twelve-ounce cans of beer or whether the cans were larger. Without proof of Chapman’s weight, the volume of beer that he had consumed and when, it cannot be legitimately argued that the evidence was insufficient to support a finding that he was still under the influence of alcohol at the time that Officer Hunter stopped him. All of these factors, and more, determine how alcohol affects the body and how quickly its effect is dissipated.
¶ 12. As additional support for his argument that he was not under the influence of alcohol, Chapman submitted a receipt showing that the truck’s power steering had been replaced. However, even if there were a problem with the truck’s power steering that night and Chapman’s claims that he could not turn the steering wheel when he needed to avoid the mailboxes and the boat were true, the evidence of how Chapman handled the incident supports a finding that he was under the influence. For example, he did not slow down or attempt to stop when he knew that he was going towards the mailboxes and the boat, nor did he stop to inform anyone of the incident after he hit the mailboxes and the boat. He left the neighborhood as if nothing had happened.
¶ 13. After examining all of the evidence in the light most favorable to the State, we find no facts or inferences that point so strongly in favor of Chapman as to cast reasonable doubt on his guilt. Therefore, we find that the State met its burden of proof, and the judgment was not manifestly erroneous or clearly wrong.
¶ 14. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS, WITH THE FORTY-EIGHT HOURS SUSPENDED, AND SUSPENSION OF DRIVING PRIVILEGES, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.