ISHEE, J.,
for the court:
¶ 1. On October 2, 2012, Marci Harvi-son Oglesby was convicted of driving under the influence (DUI), first offense, and careless driving. She was sentenced for the DUI charge to serve forty-eight hours in the custody of the Sheriff of Madison County, Mississippi, as well as ordered to pay a fíne of $900. For the charge of careless driving, she was ordered to pay a fíne of fifty dollars. Oglesby ultimately appealed her conviction and sentence for DUI, first offense, to the Madison County Circuit Court. The circuit court upheld Oglesby’s conviction and sentence. Aggrieved, Oglesby appeals.
*1023 STATEMENT OF FACTS
¶ 2. On February 11, 2012, at approximately 12:80 a.m., Oglesby was traveling eastbound on Hoy Road in Madison, Mississippi. Officer Britt Thomas of the Madison Police Department testified that he was traveling behind Oglesby when he witnessed her vehicle cross the white line into the gravel off Hoy Road. Subsequently, Officer Thomas pulled the vehicle over for careless driving and conducted a traffic stop. Officer Thomas asked Oglesby for her driver’s license and proof of insurance, which Oglesby retrieved from her purse in the trunk of the vehicle. Officer Thomas testified that, at this time, he smelled an intoxicating substance coming from Ogles-by’s vehicle. He asked Oglesby if she had been drinking, and she said that she had a couple of drinks. Officer Thomas admitted under oath, however, that he did not observe anything about Oglesby’s speech, eyes, or coordination to indicate that she was intoxicated. Officer Thomas then called Officer Drew Hall, also with the Madison Police Department, for assistance.
¶ 3. Officer Hall is certified in standard field sobriety testing, advanced roadside impaired-driving enforcement, and conducting the Intoxilyzer 8000. Although Officer Thomas is also certified in standard field sobriety testing, he testified that he asked for Officer Hall’s assistance due to Officer Hall’s lengthy tenure with the department as well as his experience. When Officer Hall arrived, Officer Thomas turned the traffic stop over to Officer Hall. Officer Hall introduced himself to Oglesby and informed her that he would be performing a field sobriety test. He asked Oglesby how many drinks she had consumed that evening, if any, and she stated two. He testified that he observed her eyes to be glassy and bloodshot. Officer Hall stated that he then asked Oglesby if she would be willing to submit to a preliminary breath test, but Oglesby refused. Oglesby, however, participated in the horizontal-gaze-nystagmus test (HGN) and the walk-and-turn test.
¶ 4. Prior to the HGN test, Officer Hall asked Oglesby if she had any physical impairments, to which she stated no. However, she later advised him that she suffered from a lazy eye. Officer Hall informed Oglesby that he would take that into account. He stated under oath that, during his training and certification process qualifying him to administer the HGN test, he was instructed on how to factor a lazy eye into the test. He declared that the HGN test can still be administered to a person with a lazy eye. During the HGN test, Officer Hall observed that Oglesby had difficulty following simple instructions, could not keep her head still, and would not follow his finger. Even though he had to discontinue the test, he found nystagmus present, thus indicating impairment.
¶ 5. Officer Hall then conducted the walk-and-turn test. During the walk-and-turn test, Officer Hall observed five out of a possible eight indicators of intoxication: inability to balance during instructions, missed heel-to-toe, incorrect turn, stops while walking, and steps off the line. He then asked her to perform a one-leg stand, for which he had to give her instructions twice. However, Oglesby ultimately refused to cooperate and complete the test. Subsequently, Officer Hall placed Oglesby under arrest for DUI and careless driving. Oglesby was transported to the Madison Police Department for the purpose of being offered the Intoxilyzer 8000 test, an alcohol-measuring breath test, but she declined to participate.
¶ 6. Oglesby was convicted in the Madison Municipal Court of DUI, first offense, and careless driving. She appealed the convictions to the County Court of Madison County for DUI, first offense, and *1024 careless driving, where she received a trial de novo on October 2, 2014. Following the presentation of the State’s evidence, Ogles-by made a motion to dismiss, which was denied. The county court ultimately found Oglesby guilty of DUI, first offense, and careless driving. For the conviction of DUI, first offense, Oglesby received a forty-eight hour suspended sentence, and was ordered to pay a fine of $900. She was also order to complete Mississippi Alcohol Safety Education Program (MASEP) classes and two years of unsupervised probation. For the conviction of careless driving, she was ordered to pay a fine of fifty dollars. Oglesby then appealed the DUI conviction to the Madison County Circuit Court, which upheld the judgment of the county court. Oglesby now appeals.
STANDARD OF REVIEW
¶ 7. “The standard of review for a judgment entered following a bench trial is well settled. In a bench trial, the trial judge is ‘the jury’ for all purposes of resolving issues of fact.” Sendelweck v. State, 101 So.3d 734, 738-39 (¶ 19) (Miss.2012). “The Mississippi Supreme Court has stated that: for review of the findings of a trial judge sitting without a jury, the appellate court will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong.” Id. at 739 (¶ 19) (internal citations omitted).
DISCUSSION
¶8. On appeal, Oglesby argues that the trial court erred in denying her motion for a directed verdict. The record reflects that, following the close of the State’s case-in-chief, Oglesby made a motion to dismiss based on the assertion that the State had failed to establish a prima facie case for careless driving and DUI, first offense. Although the motion was titled as one for dismissal, it had the same effect as one for a directed verdict given the motion’s style and timing, and the circuit court’s understanding of the motion. See, Thames v. State, 5 So.3d 1178, 1188-89 (¶ 33) (Miss.Ct.App.2009). “Motions to dismiss, motions for JNOV, and motions for [a] directed verdict all challenge the legal sufficiency of the evidence.” Id. at 1188 (¶ 32) (citations omitted).
¶ 9. Oglesby argues that the evidence was insufficient to support her conviction of DUI, first offense, under Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013). In order for the evidence to be found sufficient to sustain a conviction, the evidence must show “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). This Court will reverse a conviction only if the evidence “point[s] in favor of the defendant on any element of the offense with sufficient force that [a] reasonable [fact-finder] could not have found beyond a reasonable doubt that the defendant was guilty.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 10. Section 63-11-30(1)(a) makes it “unlawful for any person to drive or otherwise operate a vehicle within this state who is under the influence of intoxicating liquor[.]” Section 63-11-30(1)(a) is often referred to as “common[-]law DUI.” Ellis v. State, 77 So.3d 1119, 1126 (¶ 30) (Miss.Ct.App.2011) (citing Gilpatrick v. State, 991 So.2d 130, 133 (¶18) (Miss.2008)). “Common[-]law DUI is proven when a defendant’s blood[-]alcohol results are unavailable or the defendant’s [blood-alcohol content] tests under the legal limit, but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol.” Id.
*1025 ¶ 11. There was ample evidence presented at trial to support a finding that Oglesby operated her vehicle while impaired by the consumption of alcohol. Officer Thomas ' testified that he observed Oglesby’s vehicle drifting over the white line off the road; he smelled alcohol emerging from her vehicle once he made the traffic stop; and Oglesby admitted that she had been drinking. Officer Hall stated that when he arrived on the scene, he noticed Oglesby’s eyes were glassy and bloodshot. Officer Hall also noted that Oglesby hád difficulty following his instructions during the field sobriety test. He testified that she demonstrated impairment during the walk-and-turn test, and that she refused the Intoxilyzer 8000 test. Further, the video recording of Oglesby’s traffic stop was admitted into evidence, which allowed the judge to make an independent and neutral determination as to Oglesby’s actions and demeanor, separate from the testimony given at trial.
¶ 12. We find that the evidence shows that a reasonable fact-finder could have found beyond a reasonable doubt that Oglesby committed the crime of DUI, first offense, and she did so under such circumstances that every element of the offense existed. Accordingly, we find this issue is without merit. Thus, the judgment of the circuit court is affirmed.
¶ 18. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.